UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

VLADIMIR KRULL,

                Plaintiff,

  - against -

ANTHONY ANNUCCI, in his official Capacity as:
Acting Commissioner of the New York State:
Department of Corrections and Community:
Supervision, and MICHELE HARRINGTON, in her:
official Capacity as Chairperson of the New York:
State Board of Examiners of Sex Offenders,

                Defendants.
-----------------------------------------------------------------:
                              X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY**
DOC #:
DATE FILED: 7/11/2022

**STIPULATION OF**
**CONFIDENTIALITY AND**
**PROTECTIVE ORDER**

21 Civ. 03395 (CM)(JLC)

WHEREAS discovery herein may include the production of information and/or documents

that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed,

could jeopardize individual, correctional or institutional safety, security or good order, (b) contain

information that is confidential under state or federal law, or (c) contain information of a personal

nature,

IT IS HEREBY STIPULATED AND AGREED that:

The term "document" as used herein is defined to be synonymous in meaning and equal in

scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the

Local Civil Rules of this Court.

## CONFIDENTIAL MATERIAL

1.     The parties may designate as Confidential non-public documents produced from

the records of Vladimir Krull, the New York State Department of Corrections and Community

Supervision ("DOCCS") and/or the New York State Board of Examiners of Sex Offenders (the

"Board") and the information contained therein the disclosure of which, in the good faith opinion of the producing person, (i) would jeopardize correctional or institutional safety, or security, (ii) contain information that is confidential under state or federal law, including under Federal Rule of Civil Procedure 26, or (iii) contain sensitive personal information pertaining to the Defendants or Plaintiff, current or former employees of DOCCS and/or the Board, and current or former inmates. Such documents and information designated "Confidential" in accordance with the foregoing shall be referred to hereafter as "Confidential Material."

2. Access to Confidential Material shall be limited to:

    a. Counsel for the parties to this action and counsels' employees and independent contractors to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants (as applicable); except that, prior to any such independent contractors being given access to Confidential Material, such persons shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

    b. The parties' respective experts and consultants, and their employees and independent contractors to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants (as applicable); except that, prior to any such person being given access to Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

    c. Individual employees of DOCCS or the Board to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS or the Board;

2

d. The Court, its employees (including Court reporters), and its officers;

e. Any other person who was an author, sender, addressee(s) (including via CC), designated recipient, or source of the Confidential Material;

f. Stenographers and videographers hired for purposes of transcribing depositions;

g. Any other person(s) agreed to in writing by counsel for the parties, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto; and

h. Defendants and the Plaintiff.

## **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

3. For Confidential Material that contains highly-sensitive information, including but not limited to security information pertaining to DOCCS' facilities, Board operations, and/or identifying personal information pertaining to Defendants, and current or former employees of DOCCS/the Board, counsel may designate such information "Highly Confidential – Attorneys' Eyes Only."

4. A designation of "Highly Confidential – Attorneys' Eyes Only" means that it shall not be released or disclosed in any manner to any other person who does not fall under Paragraph 2(a)-(g); provided, however, that notwithstanding the foregoing, each Party may view its own produced materials that have been designated Highly Confidential Attorneys' Eyes Only.

3

5. Highly Confidential-Attorneys' Eyes Only material may include, but is not limited, to the following:

a. All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" in DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as Highly Confidential – Attorneys' Eyes Only material and restricted from unauthorized access;

b. All maps, blueprints, photographs, drawings, schematics and any other written depiction or description of any DOCCS correctional facilities;

c. All DOCCS and the New York State Board of Examiners of Sex Offenders training materials for corrections officers, sergeants, lieutenants, captains, or deputy superintendents, or any other DOCCS or Office of Mental Health employee, that concern correctional or institutional safety, or security; and

d. Any other document that both parties agree should be deemed "Highly Confidential - Attorney's Eyes Only" material.

6. An inadvertent failure to designate material "Confidential" or "Highly Confidential – Attorneys' Eyes Only" may be corrected by promptly, upon learning of the failure, providing supplemental written notice to the receiving Party, who thereafter shall treat such document as if it they had been properly designated originally; provided, however, that the producing party shall promptly, upon learning of the failure and providing the herein notice, re-produce the material with the appropriate designation. In the event that such information will have been disclosed to individuals not entitled to access "Highly Confidential – Attorneys' Eyes Only," the party failing

4

to make the initial designation may request the receiving party retrieve the documents from such recipients.

7.    If a party designates any document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after it has already been produced without such designation, the producing party shall produce to the other parties substitute copies of such documents which shall be clearly marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return, and certify the destruction or return, to the producing party all copies, both hardcopy and electronic, of the previously produced documents.

8.    Except as consented to by counsel for the party that designated a document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or ordered by a Court of competent jurisdiction, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not be released or disclosed in any matter to any person who is or was an inmate in the custody of DOCCS; provided, however, that the foregoing shall not apply to Plaintiff (with the exception of material produced by Defendants and designated "Highly Confidential – Attorneys' Eyes Only").

## STIPULATIONS APPLICABLE TO ALL DOCUMENTATION PRODUCED

9.    The inclusion of any category of documents identified as examples of "Confidential" or "Highly Confidential-Attorneys' Eyes Only," does not waive the parties' right to object to its production or admissibility at trial.

10.    All transcripts of depositions taken in this Action will be treated as "Confidential" in their entirety for twenty-two (22) calendar days after the parties are notified that a full and final copy of the deposition transcript is available. During that twenty-two (22) day period, either party may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in Paragraph 1 herein, and such designation must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the twenty-two (22) day period will not thereafter be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

11.    Confidential Materials designated "Highly Confidential – Attorneys' Eyes Only" may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over the parties or their counsel, provided, however, that, in the event that the parties or their counsel intend to produce documents containing "Highly Confidential – Attorneys' Eyes Only" material, or that contain "Highly Confidential – Attorneys' Eyes Only" material obtained from such documents in response to such order, the producing party or counsel shall serve notice of such order upon the other parties and counsel in this action within a reasonable amount of time prior to the production thereof, to provide an opportunity to seek a protective order against such production. The receiving party agrees to cooperate with the producing party in resisting the

6

demand or request and the producing party shall be responsible for pursuing any objection to the requested production.

12.    If a party objects to the designation of any document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the following procedures shall apply.  The objecting party shall state such objection in writing to the counsel for the party that designated the material "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within fourteen (14) calendar days of receipt of the disputed document.  Counsel for the designating party or third party shall respond in writing within seven (7) calendar days and state with particularity the grounds for asserting that the document or information is "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Counsel shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, the proponent of the designation being challenged shall seek a protective order.  The moving party shall seek the protective order within seven (7) calendar days after the parties have attempted to resolve the issue in good faith and have been unable to do so.  Any disputed documents shall be treated as originally designated until the parties resolve the conflict, or the Court issues its ruling regarding the conflict on the condition that said court ruling and/or protective order is sought within seven (7) calendar days after the parties have failed to reach an agreement on the disputed documents.

13.    In the event that a party intends to file with the Court any papers that attach or enclose documents containing "Highly Confidential – Attorneys' Eyes Only" produced pursuant to this Stipulation and Protective Order or that contain "Highly Confidential – Attorneys' Eyes Only" material obtained from such documents, including deposition transcripts, that party shall file those materials under seal. Any party filing a motion or other papers with the Court under seal shall also publicly file a redacted copy of the same that redacts only "Highly Confidential –

7

Attorneys' Eyes Only" material, or reference thereto, and does not redact text that in no material way reveals "Highly Confidential – Attorneys' Eyes Only." All papers filed with the Court that constitute or contain documents designated "Highly Confidential – Attorneys' Eyes Only" may be filed publicly, without redaction and not under seal, or introduced into evidence, without redaction and not under seal, if agreed to by the parties in writing or if otherwise ordered by the Court.

14.     Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand.

15.     "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

16.     Subject to the provisions of this Stipulation of Confidentiality and Protective Order, a non-party may designate as "Confidential" or "Highly Confidential-Attorneys' Eyes Only," any document or deposition testimony produced or given by any non-party to this case, or any portion thereof. Designation shall be made by such non-parties by stamping the produced documents.

17.     Within one-hundred-and-twenty (120) days of the conclusion of this Action, including any appeals, receiving parties shall either destroy or return to producing parties all "Confidential" and "Highly Confidential – Attorneys' Eyes Only," and any copies thereof, in their custody, possession or control and any documents containing "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material, in whole or in part, and any copies made therefrom or shall notify the producing parties in writing that all such "Confidential" or "Highly Confidential

8

– Attorneys' Eyes Only" material has been destroyed, with the exception of (i) copies of each document filed with the Court, (ii) each written discovery request and written response thereto (but not "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material produced in response to a request for production of documents), and (iii) any back-ups of "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material as are routinely made and kept by counsel in the normal course of business. Any such back-ups will be destroyed as soon as is practicable.

18.      Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order.

**SO STIPULATED AND AGREED:**

Dated:  July 8, 2022

SCHULTE ROTH & ZABEL LLP

By: /s/ *Mark L. Garibyan*
Gary Stein, Esq.
Mark Garibyan, Esq.
Michael Periatt, Esq.
919 Third Avenue
New York, New York 10022
Mark.Garibyan@srz.com
Gary.Stein@srz.com
Telephone: (212) 756-1000

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION

Daniel R. Lambright, Esq.
Christopher T. Dunn, Esq.
125 Broad Street, 19th Floor
New York, New York 10004
DLambright@nyclu.org
CDunn@nyclu.org
Telephone: (212) 344-3005

9

Dated:  July 8, 2022

*Attorneys for Plaintiff*

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By:  __/s/ Neil Shevlin_____
Neil Shevlin
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8621
Neil.Shevlin@ag.ny.gov

SO ORDERED:

Dated:

_____
Honorable Colleen McMahon
UNITED STATES DISTRICT JUDGE

7-11-2022

10

## ADDENDUM PER LOCAL RULE VI

The parties deem acceptable the addendum listed in the Court's Local Rule VI, which is reproduced below pursuant to the Court's Local Rules that such "addendum must be incorporated before Judge McMahon will sign a Stipulation and Confidentiality Order":

\* \* \*

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final. If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum.

If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

11

AGREEMENT TO BE BOUND BY
STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

I,                                                      , declare and say that:

1.      I have read the Stipulation of Confidentiality and Protective Order (the "Protective Order") between the parties in the matter captioned *Krull v. Annucci, et al.*, Case No. 21 Civ. 03395 (S.D.N.Y), and understand its contents.

2.      I promise that I will use any and all Confidential Material, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order.

3.      I promise that I will not disclose or discuss such Confidential Material with anyone other than pursuant to the terms of the Protective Order.

4.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court where the Action is pending with respect to the enforcement of the Protective Order.

5.      I understand that any disclosure or use of Confidential Material in any manner contrary to the provisions of the Protective Order may subject me to sanctions.

6.      I will return all Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' ONLY" (as defined in the Protective Order) to the person who provided them to me, upon request of that person, and I shall not retain any copies of said Confidential Material or any information contained within "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' ONLY" materials.

I declare under penalty of perjury that the foregoing is true and correct.


Date:

Signature