

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/2022

Writer's Direct Dial: (212) 416-8561

September 15, 2022

MEMO ENDORSED

By ECF
Hon. Colleen McMahon
United States Courthouse
500 Pearl Street
New York, NY 10007

OK
/s/ Colleen McMahon
9/19/2022

Re:   Krull v. Annucci, *et al.*,
      21-CV-03395(CM)(JLC)

Dear Judge McMahon:

I write respectfully on behalf of the plaintiff and the defendants to request a stay of discovery until November 11, 2022, in order to allow the parties time to pursue settlement negotiations. The parties have begun engaging in settlement discussions with counsel for plaintiff providing my office with a preliminary settlement proposal addressing both Mr. Krull, in particular, and the policies and procedures of the New York State Board of Examiners of Sex Offenders (the "Board") and Department of Corrections and Community Supervision ("DOCCS"), in general. Both client agencies have expressed an interest in reaching a settlement. However, the settlement process requires several layers of separate review by DOCCS, the Board, and this Office, particularly as the settlement proposal in this case involves the two agencies' policies and procedures, rather than damages. As a result, the parties believe that the best use of time would be to stay discovery while a settlement is pursued.

As to the current status of discovery and progress to date, the plaintiff's deposition has already occurred, both parties have completed paper discovery, and plaintiff has begun deposing the defendants' witnesses. While the deadline for the defendants to have completed ESI production was July 22, 2022 (ECF No. 111), defendants have discovered that there was an error in how they ran plaintiff's proposed search terms. Defendants have corrected this error, which has resulted in the collection of at least six thousand emails from the Board, and an as yet undetermined number of emails from DOCCS. Defendants have agreed to complete the production of these materials during the parties' proposed stay period, but the remaining discovery would be deferred pending the parties' settlement discussions.

If the Court were to grant a stay, the parties would determine after thirty days whether

settlement talks are advancing in a manner that is likely to result in final settlement and dismissal of this action. If so, the parties will continue with such talks and seek an extension of the stay. Otherwise, if it appears after thirty days that settlement talks are unlikely to yield a resolution, the defendants will complete all outstanding document production by the close of the stay period on November 11, 2022, and file a proposed amended discovery schedule and scheduling order to enable plaintiff to complete his depositions of the defendants' remaining witnesses. The parties propose filing an update with the Court by October 13, 2022, advising it of the status of settlement negotiations.

    Thank you.

Respectfully submitted,

*/s/ Neil Shevlin*
Neil Shevlin
Assistant Attorney General
(212) 416-8561
Neil.Shevlin@ag.ny.gov

cc: Counsel for Plaintiffs (by ECF)