```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/31/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VLADIMIR KRULL,

           Plaintiff,

           v.

DANIEL F. MARTUSCELLO, in his official capacity as Acting Commissioner of the New York State Department of Corrections and Community Supervision, and MICHELE HARRINGTON, in her official capacity as Chairperson of the New York State Board of Examiners of Sex Offenders,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Docket No. 1:21-cv-03395
**STIPULATION AND ORDER OF SETTLEMENT**

This **STIPULATION AND ORDER OF SETTLEMENT, RELEASE, AND ORDER OF DISMISSAL** ("Stipulation of Settlement") is made by and between Plaintiff Vladimir Krull and Defendants Daniel F. Martuscello and Michele Harrington, in their official capacities as Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS") and Chairperson of the New York State Board of Examiners of Sex Offenders (the "Board") ("Defendants"), respectively, as follows:

      **WHEREAS**, on February 5, 2019, Plaintiff commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983, in the Northern District of New York, Case Number 19-cv-00142, against then-Defendant Anthony Annucci and others;

      **WHEREAS**, the case was transferred to the Southern District of New York and on May 28, 2021, Plaintiff filed a Second Amended Complaint (ECF No. 55) against Defendants;

      **WHEREAS**, Plaintiff alleges that the policies and practices of DOCCS and the Board, as overseen by Defendants, require participants in the Sex Offender Counseling and Treatment Program (the "SOCTP"), a prison-based treatment program, to admit to committing sexually

1

offending behavior as a condition of treatment;

**WHEREAS**, Plaintiff alleges that the policies and practices at issue expel participants in the SOCTP who invoke their Fifth Amendment right against self-incrimination and subsequently assess the maximum number of points allowed on Factor 12 of a participant's Risk Assessment Instrument form ("RAI");

**WHEREAS**, Plaintiff alleges that he was removed from the SOCTP by DOCCS after he invoked his Fifth Amendment right against self-incrimination, and thereafter the Board scored Plaintiff, on his RAI, the maximum number of points under Factor 12, which resulted in the Board recommending to the sentencing court that Plaintiff be assigned a Sex Offender Registration Act ("SORA") Risk Level Two;

**WHEREAS**, Plaintiff alleges that the sentencing court adopted the Board's recommendation and designated Plaintiff a Risk Level Two registrant, which requires a lifetime SORA registration on a public database;

**WHEREAS**, Plaintiff alleges that but for the policies and practices at issue, he would not have been expelled by DOCCS from the SOCTP and the Board would have recommended to the sentencing court that Plaintiff be assigned a SORA Risk Level One;

**WHEREAS**, Plaintiff alleges that because of the significant deprivations of liberty attendant to the differences between Risk Levels One and Two, the policies and practices at issue amounted to unconstitutional compulsion in violation of the Fifth Amendment;

**WHEREAS**, Plaintiff seeks declaratory judgments against DOCCS and the Board and injunctive relief from the Board;

**WHEREAS**, on August 6, 2021, Defendants moved the Court to dismiss Plaintiff's

Second Amended Complaint;

**WHEREAS**, by Opinion and Order dated January 5, 2022, see ECF No. 85, the Court denied Defendants' motion to dismiss;

**WHEREAS**, Defendants expressly deny any wrongful conduct or liability, or violation of the United States Constitution, any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

**WHEREAS**, the Plaintiff and Defendants now wish to fully resolve the claims alleged in the Second Amended Complaint, without further litigation or proceedings before any court or other forum, and without admission of fault or liability, and have negotiated in good faith for that purpose; and

**WHEREAS**, neither the Plaintiff nor any of the Defendants is an infant or incompetent person;

**WHEREAS**, pursuant to Fed. R. Civ. P. 25(d), Anthony J. Annucci has been automatically substituted as a defendant in this Action by his successor Daniel F. Martuscello, the current Acting Commissioner of DOCCS;

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation of Settlement, Plaintiff and Defendants hereby agree as follows:

**Dismissal of the Action with Prejudice**

1.  Except for the limited retention of jurisdiction set forth in Paragraph 30, this action, and all claims asserted in or associated with the Second Amended Complaint, are discontinued with prejudice against all Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), without further relief, payments, attorneys' fees, costs, disbursements, or expenses beyond those specified below.

**Relief Concerning the Sex Offender Counseling and Treatment Program**

2.   DOCCS will amend its policies and guidelines for the SOCTP to provide that if a participant declines to admit to, accept responsibility for, or discuss any sexually offending behavior that may result in self-incrimination because the participant:

>  a. With respect to the SORA qualifying conviction, pled not guilty, testified on their own behalf under oath in their criminal case within the past five years, and was found guilty after trial; or
>
>  b. Has filed a notice of appeal from their SORA qualifying guilty verdict, their appellate remedies have not been exhausted, and they are pursuing appellate remedies by:
>
>>  i. Having perfected their appeal; or
>>
>>  ii. Having ordered, or received, a transcript of the proceedings that led to their SORA qualifying guilty verdict; or
>>
>>  iii. Having filed a motion to proceed as a poor person after filing a notice of appeal from their SORA qualifying guilty verdict; or
>>
>>  iv. Having filed a motion seeking an extension of their time to perfect their appeal to challenge their SORA qualifying guilty verdict in the appropriate appellate court and had that motion granted; or
>>
>>  v. Having retained, or assigned, counsel to challenge their SORA qualifying guilty verdict

then that participant will not be removed from the SOCTP, unless a determination is made by members of the therapeutic team, based on all facts and circumstances pertaining to treating

4

participants in the SOCTP, that the participant's continued participation will negatively impact the group dynamic. In the applicable form noting a participant's discharge from the SOCTP, the therapeutic team will describe, in narrative form, the reasons why it believes that the participant's continued participation will negatively impact the group dynamic, including the underlying facts and circumstances that led to the therapeutic team's decision.

3. DOCCS will provide incarcerated individuals who are at risk of being expelled from SOCTP because they will not discuss certain behaviors or offenses based on Fifth Amendment concerns with sufficient time to provide documentation that they meet the criteria set out in Paragraph 2 of this Stipulation of Settlement.

4. DOCCS will add language to the SOCTP Acknowledgement Form to place the incarcerated individual on notice, prior to that individual's prospective enrollment in the SOCTP, that they may provide supporting documentation to the Board to show that they fulfill one of the categories enumerated in Paragraph 2 above (*e.g.*, that they have not exhausted the direct appeal of their conviction). The language shall make clear that the onus is on the incarcerated individual to gather the supporting documentation and forward these materials to the Board and that the incarcerated individual may send these materials to the Board in accordance with DOCCS privileged correspondence Directive 4421. The language shall also indicate that the Board's contact information is available in the law library of each facility.

5. DOCCS will provide its treatment staff and supervisors with annual training to distinguish, prior to an incarcerated individual's prospective enrollment in the SOCTP, between incarcerated individuals who decline to participate in some aspects of the SOCTP on the asserted grounds that such participation would violate their Fifth Amendment right, on the one hand, and incarcerated individuals who decline to participate in some aspects of the SOCTP due to

unwillingness or another reason unrelated to Fifth Amendment concerns.

6. DOCCS will promptly notify the Board within 150 days of when it becomes known that an individual will not complete the Program, noting that the individual has refused to participate in the Program, or has been removed from the Program.

7. Notwithstanding the foregoing, the Parties agree that DOCCS may maintain its SOCTP policy that for successful program participation a participant may discuss their sexually offending behavior in general terms without providing the full names of victims, without disclosing the exact dates, times, and places (*e.g.*, the city, town, etc.) of various sexual offending behavior, and without admitting to any specific crime or violation of any specific section of the Penal Law (*e.g.*, rape in the first degree, criminal sexual act in the third degree, sexual abuse in the second degree, etc.). DOCCS will revise its SOCTP guidelines to reflect that program participants are not required to admit to or discuss the factual predicates of any uncharged criminal activities.

**Relief Concerning the Scoring of Individuals who Assert the Fifth Amendment Protection Against Self-Incrimination**

8. The Board will not assess any points under Factor 12 (Acceptance of Responsibility) of the Risk Assessment Instrument when: (i) it has been notified by DOCCS that an individual has refused to participate in the Program or has been removed from it; (ii) it is notified by the participant of their Fifth Amendment concerns; and (iii) the individual has:

> a. With respect to the SORA qualifying conviction, pled not guilty, testified on their own behalf under oath in their criminal case within the past five years, and was found guilty after trial; or
>
> b. Has filed a notice of appeal from their SORA qualifying guilty verdict, their appellate remedies have not been exhausted, and they are pursuing appellate

       remedies by:

          i.       Having perfected their appeal; or

          ii.      Having ordered, or received, a transcript of the proceedings that led to their SORA qualifying guilty verdict; or

          iii.     Having filed a motion to proceed as a poor person after filing a notice of appeal from their SORA qualifying guilty verdict; or

          iv.     Having filed a motion seeking an extension of their time to perfect their appeal to challenge their SORA qualifying guilty verdict in the appropriate appellate court and had that motion granted; or

          v.      Having retained, or assigned, counsel to challenge their SORA qualifying guilty verdict

9. During its review period, if the Board becomes aware that a participant has been removed from the Program or has refused to participate in the Program on the Fifth Amendment grounds set forth herein in Paragraph 8, it shall send a Fifth Amendment Claim form as soon as reasonably practicable, and in no event later than five business days after becoming aware that a participant has been removed from the Program or has refused to participate in the Program on the Fifth Amendment grounds, attached to this settlement agreement as Attachment A, notifying them of their rights under the settlement agreement to provide the Board with supporting documentation to prove their eligibility for relief under the terms of the settlement agreement. This form shall be sent to the incarcerated individual no later than 90 days prior to the incarcerated individual's scheduled release date by electronically sending the form to DOCCS staff to deliver to the incarcerated individual. The incarcerated individual will be responsible to gather and send materials, if any, to the Board. The materials may be sent to the Board in accordance with DOCCS privileged

correspondence Directive 4421. Should the Board be referred an incarcerated individual who meets the eligibility criteria, but the release date is less than 90 days, then the Board will still provide the Fifth Amendment Claim form with the caveat that any material not able to be sent to the Board to support the claim by 60 days prior to the scheduled release date should be sent directly to the ^sentencing Court by the incarcerated individual.    JHR

10.  The Board will add language to the case summaries of individuals whom the Board had been notified have refused to enter the Program or have been expelled from the Program explaining its scoring decision for Factor 12 (Acceptance of Responsibility) by referencing this settlement. This includes both when it decides to not assess points and when it decides to assess points. The language will state in sum and substance either of the following: (i) The Board is not scoring points under Factor 12 for failing to accept responsibility despite Mr./Ms. X refusing to participate in the SOCTP or being removed from that Program, because of Fifth Amendment concerns pursuant to the Stipulation of Settlement in *Krull v. Annucci*, et al. 21-cv-03395; or (ii) the reason why the Board is scoring points under Factor 12 for failing to accept responsibility despite this individual's Fifth Amendment concerns pursuant to the Stipulation of Settlement in *Krull v. Annucci*, et al. 21-cv-03395. By agreeing to insert this language, the Board is in no way limiting its ability to insert any additional language it deems necessary into the case summary.

**Individual Relief for Plaintiff Vladimir Krull**

11.  Defendants agree that, should Plaintiff apply for a downward modification of his SORA Risk Level pursuant to Corrections Law § 168-o, the Board will not take into account his expulsion from the SOCTP or his assertion of his Fifth Amendment right against self-incrimination in reconsidering the RAI.

12.  Defendants agree that DOCCS will promptly, and in no event later than 30 days

following the date that this Stipulation is "So Ordered," reconsider Plaintiff's application for a Certificate of Relief from Disabilities without taking into account his expulsion from the SOCTP or assertion of his Fifth Amendment right against self-incrimination.

**Implementation Period**

13. The Board shall have ninety (90) days from the date of the Court's signature on this Stipulation of Settlement to comply with the terms set forth in Paragraphs 8, 9, and 10.

14. DOCCS shall have ninety (90) days from the date of the Court's signature on this Stipulation of Settlement to comply with the terms set forth in Paragraphs 2 through 7.

**Reports to be Provided to Plaintiff's Counsel**

15. After the Implementation Period is complete and while the Court retains jurisdiction, the Board will provide monthly reports to Plaintiff's counsel containing aggregate data showing (i) the number of participants reviewed by the Board who have been convicted by guilty verdict of a SORA qualifying offense, and (ii) have been removed from the Program or refused to enter the Program, (iii) the number of individuals who have provided proof of eligibility, and (iv) the number of individuals who were removed from the Program or refused to enter the Program, who provided proof of eligibility, but who nevertheless were assigned points under Factor 12 (Acceptance of Responsibility) by the Board. The monthly reports will be issued by the Board during the first week of each month.

**Payment of Costs and Attorneys' Fees**

16. In full consideration of Plaintiff's execution of this Stipulation of Settlement, his agreement to be bound by its terms, and his undertakings as set forth herein, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York, on behalf of Defendants, shall pay to Plaintiff's undersigned counsel reasonable attorneys' fees

(including any costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the action), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against Defendants, whether in their individual or official capacities, arising out of conduct, acts, or omissions which are alleged in, or associated with, the Second Amended Complaint in this action prior to, up to, and including the date of this Stipulation of Settlement.

17. Within sixty (60) days of this Stipulation of Settlement being "So Ordered" by the Court, the Defendants shall provide a counteroffer to the fee demand previously conveyed by the Plaintiff and engage in good-faith negotiations concerning the fees, costs, and expenses. If the parties cannot resolve their dispute after good-faith negotiations, either party can seek a conference with the magistrate judge assigned to the case or Plaintiff may move for fees and costs.

18. After any good-faith negotiations, two checks shall be drawn to the order of and payable to (1) the New York Civil Liberties Union Foundation and forwarded to the New York Civil Liberties Union c/o Christopher Dunn, Esq., at 125 Broad St., Fl. 19, New York, NY 10004, and (2) Schulte Roth & Zabel LLP and forwarded to Schulte Roth & Zabel LLP c/o Mark Garibyan, Esq., at 919 Third Avenue, New York, NY 10022.

**State Approval of Payments**

19. Payment of the attorneys' fees specified in Paragraph 16 of this Stipulation of Settlement is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's undersigned counsel agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation reasonably requested with respect to obtaining such approval and effectuating payment, provided, however, that Plaintiff's

undersigned counsel will be permitted to redact or withhold any such documentation on grounds of the attorney-client privilege or other applicable privileges and laws.

**Release**

20.     In consideration of the payment of the sum recited in Paragraph 16 of this Stipulation of Settlement, and the other good and valuable consideration described herein, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (the "Releasing Party") hereby releases and forever discharges each of the Defendants, DOCCS, the Board, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), together with all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (the "Released Parties") from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Party ever had against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Stipulation of Settlement regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Second Amended Complaint. For the avoidance of doubt, nothing in this release shall apply to any disputes or claims relating to the terms of this Stipulation of Settlement.

**No Other Attorney**

21.     Plaintiff and Plaintiff's undersigned counsel represent and warrant that there is no

attorney having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in this action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in this action.

**Successors and Assigns**

22.     The terms and conditions of this Stipulation of Settlement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

**Authority**

23.     Each signatory to this Stipulation of Settlement hereby represents and warrants that they have the requisite authority to enter into this Stipulation of Settlement and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation of Settlement.

**Voluntary Agreement**

24.     The parties hereto execute and deliver this Stipulation of Settlement voluntarily after being fully informed of its terms, contents and effect, and acknowledge that they understand its terms, contents and effect.  The parties hereto acknowledge that they are aware, and are advised, of their right to seek the advice of an attorney and that they have been represented by counsel of their own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or anyone acting on behalf of such party.

**No Admission of Liability**

25.     It is understood and agreed that any action taken or payments made pursuant to this Stipulation of Settlement are made solely to avoid the burdens and expense of protracted litigation, and that this Stipulation of Settlement and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims whether asserted

or purportedly asserted in the Action, or as constituting any admission of wrongdoing or liability on the part of the Defendants, DOCCS, the Board, the State of New York, or any of their current and former principals, officers, directors, members, trustees, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, personally and in their official capacities. Except as set forth in Paragraphs 2 through 10, nothing contained in this Stipulation of Settlement shall be deemed to constitute a policy, practice, or custom of DOCCS, the Board, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities.

**Entire Agreement**

26.     This Stipulation of Settlement constitutes the entire agreement among the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Stipulation of Settlement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

**Severability**

27.     If any provision of this Stipulation of Settlement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

**Headings**

28.     The headings contained in this Stipulation of Settlement are for convenience of reference only and are not a material part of this Stipulation of Settlement.

## Execution

29. This Stipulation of Settlement may be executed in any number of counterparts, all of which taken together shall constitute one Stipulation of Settlement and may be executed by facsimile signature and facsimile notary seal. All the provisions herein, including, but not limited to, the implementation period described in Paragraphs 13 through 14, shall become effective upon the Court's signature on this Stipulation of Settlement.

## Retention of Jurisdiction By The Court and Dispute Resolution Provisions

30. This Court shall retain jurisdiction to enforce the terms of this Stipulation of Settlement from the date this Stipulation of Settlement is "So Ordered" through the implementation period of ninety days and an additional six months.

Dated: New York, New York
August 25, 2023

**NEW YORK CIVIL LIBERTIES UNION FOUNDATION**

By: _/s/_____
Christopher T. Dunn
Daniel R. Lambright
125 Broad St., Fl. 19
New York, NY 10004
(212) 607-3300
cdunn@nyclu.org
dlambright@nyclu.org

**SCHULTE ROTH & ZABEL LLP**

By: _/s/_____
Mark L. Garibyan
Steven Fisher
919 Third Avenue
New York, NY 10022
212.756.2000

Mark.Garibyan@srz.com
Steven.Fisher@srz.com

*Attorneys for Plaintiff*

**LETITIA JAMES**
Attorney General
State of New York

By: /s/ Neil Shevlin

Neil Shevlin, Esq.
Assistant Attorney General
18 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8254
Neil.shevlin@ag.ny.gov

*Attorneys for Defendants*

**NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**

By: /s/ Cathy Sheehan

Cathy Y. Sheehan
Deputy Commissioner and Counsel
1220 Washington Avenue
Albany, New York 12226
Cathy.Sheehan@doccs.ny.gov

**NEW YORK STATE BOARD OF EXAMINERS OF SEX OFFENDERS**

By: _____

Michele Harrington
Chairperson
Alfred E. Smith Building
80 South Swan Street, 2nd Floor Rm 202. Albany, New York 12210
Michele.Harrington@beso.ny.gov

**LETITIA JAMES**
Attorney General
State of New York

By: _____
Neil Shevlin, Esq.
Assistant Attorney General
18 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8254
Neil.shevlin@ag.ny.gov

*Attorneys for Defendants*

**NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION**

By: _____
Cathy Y. Sheehan
Deputy Commissioner and Counsel
1220 Washington Avenue
Albany, New York 12226
Cathy.Sheehan@doccs.ny.gov

**NEW YORK STATE BOARD OF EXAMINERS
OF SEX OFFENDERS**

By: /s/ Michele Harrington
Michele Harrington
Chairperson
Alfred E. Smith Building
80 South Swan Street, 2nd Floor Rm 202. Albany, New York 12210
Michele.Harrington@beso.ny.gov

Dated: New York, New York
August 25, 2023

Dated: New York, New York
      August 25, 2023

**SO ORDERED:**

*/s/ Jennifer H. Rearden*
**Hon. Jennifer H. Rearden, U.S.D.J.**

Dated: New York, New York
      August 31, 2023

Case 1:21-cv-03395-JHR    Document 148    Filed 08/31/23    Page 17 of 20

# Attachment A



## Board of Examiners of Sex Offenders

**KATHY HOCHUL**
Governor

**MICHELE L. HARRINGTON**
Chairperson

| | | |
|---|---|---|
| **TO:** | **First Name, Last Name**  Correctional Facility | **DOB:**  **DIN:** |
| **FROM:** | NYS Board of Examiners of Sex Offenders | |
| **RE:** | Fifth Amendment Claim Form | |
| **DATE:** | | |

Please be advised that you have been identified to the New York State Board of Examiners of Sex Offenders (the "Board") as an incarcerated individual who is under review pursuant to the New York State Sex Offender Registration Act ("SORA") (Correction Law Article 6-C), who was convicted by guilty verdict of a qualifying offense and is refusing or was removed from the Department of Corrections and Community Supervision Sex Offender Counseling and Treatment Program (SOCTP). Kindly complete the information on the back of this form regarding any Fifth Amendment claim you may have based on the criteria below, and send the completed form, along with supporting documentation within **30 days** of receipt of this letter to the Board at **80 S. Swan St., Room 202, Albany, New York 12210.**

**Please note that you must provide documentation to support your claim that you are eligible. Some examples of appropriate supporting documentation are a signed letter from your attorney indicating that you meet the eligibility requirements, a trial transcript, a notice of appeal from your SORA qualifying guilty verdict, filed appellate briefs challenging your SORA qualifying guilty verdict, and filed motions in the appellate court related to the appeal of your SORA qualifying guilty verdict.**

**Pursuant to the settlement agreement in *Krull v. Annucci*, 21-cv-03395, if you meet the eligibility requirements below and provide sufficient documentation then you will not be assessed points by the Board on the Risk Assessment Instrument under Factor 12 based on your refusal to complete SOCTP.**

Please be further advised that the Board is required to meet statutory timeframes for sending its recommendation to the sentencing Court. If, based on these timeframes, the Board is not able to provide you with **30 days** to respond to this Claim Form you may send this form along with any supporting documentation directly to your attorney or the sentencing Court.

**Eligibility Requirements for Making a Fifth Amendment Claim**
(Check the appropriate box below)

☐ You are refusing or were removed from the SOCTP based upon a 5th Amendment claim of self-incrimination, and:

- You pled not guilty to a SORA qualifying offense,
- You testified on your own behalf under oath in your criminal case within the past five years, and
- You were found guilty after trial;

- OR -

☐ You are refusing or were removed from the SOCTP based upon a 5th Amendment claim of self-incrimination and:

- you have filed a notice of appeal from your SORA qualifying guilty verdict,
- your appellate remedies have not been exhausted, and
- you are pursuing your appellate remedies by doing any of the following:

    - you perfected your appeal, or
    - you ordered or received a transcript of the proceedings that lead to your SORA qualifying guilty verdict, or
    - you filed a motion to proceed as a poor person after filing a notice of appeal from your SORA qualifying guilty verdict, or
    - you filed a motion seeking an extension of your time to perfect your appeal challenging your SORA qualifying guilty verdict in the appropriate appellate court and had that motion granted, or
    - you have retained or were assigned counsel to challenge your SORA qualifying guilty verdict.

☐ None of the above apply

**Return this form, and supporting documentation you may have within 30 days to:**

**The Board of Examiners of Sex Offenders
80 S. Swan St., Room 202
Albany, New York 12210**